OSCAR ROOS, APPELLANT, V. JACOB KLUMP, APPELLEE.

FILED MARCH 30, 1918.    No. 19846.

Appeal: CONFLICTING EVIDENCE. When, on a trial for damages alleged to have been caused by the failure of an employer to equip a wood planer with a safety device, the defendant denies that plaintiff was his employee at the time he received the injury, and also pleads that the machine was suitably equipped, but the plain-

tiff negligently failed to use the safety appliance furnished, and the issues are submitted to a jury on conflicting evidence, a verdict in favor of defendant will not be set aside, if there is sufficient competent evidence in the record to sustain the verdict on either issue tendered.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Charles W. Beal* and *Morrow & Morrow,* for appellant.

*Sullivan, Squires & Johnson* and *Guy T. Tou Velle,* contra.

MORRISSEY, C. J.

Plaintiff brought suit against defendant to recover damages for injury to his left hand. The cause of action is predicated upon section 3597, Rev. St. 1913, sometimes called the "Safety Appliance Act."

Plaintiff alleged that at the time of the injury he was the employee of defendant, and while operating a wood planer, without a proper safety device, he suffered the injury. Defendant denied that plaintiff was his employee, and also asserts that a proper safety device for the planer was furnished, but that plaintiff negligently failed and refused to place the same in position, and that his injury was due to his own negligence. There was a verdict and judgment for defendant, and plaintiff has appealed.

Defendant was the owner of a shop equipped for doing woodwork: He was 80 years of age or more, and, because of his advanced age, the shop was not regularly operated. Plaintiff was about 35 years of age, and had had considerable experience as a woodworker. Their stories vary as to the exact arrangement under which plaintiff went into the shop, but the general import of the testimony is that it was agreed that plaintiff might use the shop and tools and such materials as defendant had on hand; make ch      as he thought proper; that defendant should first      aid for any of his material that was used, and an  balance remaining should be

equally divided between the two. The planer was one of the pieces of machinery that was thus turned over to plaintiff to be operated. A proper safety device was in the shop, but it appears that different classes of work were done upon the machine, and in order to conveniently operate the machine it was necessary, from time to time, readjust the safety device, or if the timber to be planed was large the safety device might be removed from the machine as the timber would take the place of the safety device. There is testimony to the effect that plaintiff was shown this safety device, which was then temporarily detached from the machine, and informed as to its use. The testimony also shows that he was a man of many years experience in woodworking.

The court submitted to the jury the question as to whether a partnership existed between plaintiff and defendant, and also the question as to whether the machine was properly equipped. The finding is a general one. The evidence, which we shall not undertake to set out, is sufficient to sustain the finding on either defense made.

Appellant filed a very able brief in which instructions given are analyzed and criticised; but, when the instructions are read together and taken in connection with the evidence submitted on behalf of the respective parties, they appear to be free from error.

The law advanced by appellant as to the duty of the employer to properly equip his machine is not open to dispute, but the jury might have found that the relation of employer and employee did not exist, and, again, the jury might have found that the machine was properly equipped, but that plaintiff failed to avail himself of the protection the equipment afforded him.

The record is free from error, and the judgment is

AFFIRMED.

SEDGWICK AND DEAN, JJ., not sitting.